UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HELEN BUCZYNSKI, TONY BUCZYNSKI,
and TERRY PETER,
and all others similarly situated,

      Plaintiffs,                                   Case No. 08-13559-CV

v                                         Hon. Avern Cohn

COMPREHENSIVE ENVIRONMENTAL
SOLUTIONS, INC.,
a foreign corporation,
doing business in the State of Michigan.

      Defendant.

_____/

## ORDER CONDITIONALLY CERTIFYING CASE AS A CLASS ACTION, APPOINTING CLASS COUNSEL, DEFINING CLASS, APPROVING MANNER AND CONTENT OF NOTICE AND PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

Upon review and consideration of the Settlement Agreement executed in this Lawsuit by and on behalf of the Plaintiff Certified Class and Defendant, Comprehensive Environmental Solutions, Inc. (Defendant); and upon consideration of the agreement of the Plaintiff Certified Class and Defendant to settle and dismiss the Lawsuit with prejudice and without costs upon the terms set forth in the Settlement Agreement, and a settlement hearing to be conducted on a date determined by this Honorable Court as to the good faith, fairness, reasonableness and adequacy of the proposed settlement;

NOW, THEREFORE, upon the joint application of the Plaintiff Certified Class and Defendants, and this Honorable Court being fully advised of the issues;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      The terms of the Settlement Agreement are preliminarily approved, subject to final approval by this Honorable Court of the Settlement Agreement at or after the settlement hearing described in Paragraph 9 of this Order.

2.      This case is certified as a class action pursuant to Fed. R. Civ. P. Rule 23 for Settlement Purposes only.

3.      The class is defined as:

> All persons, legal or natural, and any entity or organization, whether incorporated or unincorporated, wherever situated, who claim to have suffered, who have suffered, or who may in the future claim to suffer, injury or damage to person, personal property or real property, including but not limited to, loss of use and enjoyment of property, property valued diminution, emotional distress, mental anxiety, and any impairment of mental or emotional well being, arising, either directly or indirectly, from the threatened or actual physical invasion to their person or property or natural resources by any vibration, noise, airborne substance or material (including, without limitation, any pollution, contaminant, irritant, odor, gas, vapor or particulate) that has or may have originated from the Facility located at 6011 Wyoming, Dearborn, Michigan between July 17, 2005 and June 11, 2010 and who meet one of the following:
>
> > A.      Filed a written Complaint ("Complaint Class")with: (1) The Michigan Department of Environmental Quality Air Division, and/or (2) City of Dearborn Police Department, and/or (3) City of Detroit Police Department and/or (4) City of Dearborn Fire Department, and/or (5) City of Detroit Fire Department and/or (6) submitted a written damage Complaint to Class Counsel regarding admissions emanating from Facility between July 17, 2005 and June 11, 2010; or
> >
> > B.      Who owned or resided in a single family residential home located within the residential property class boundary ("Residential Property Class")between July 17, 2005 and June 11, 2010. For purposes of this sub-class, "Residential

Class Boundary" shall mean the area located in the cities of Detroit and Dearborn, which is bounded to north by Warren Avenue between Schaefer and Livernois, to the east by Livernois between Warren Avenue and Michigan Avenue, to the south by Michigan Avenue between Livernois and Greenfield and to the west by Greenfield.

4.      Macuga, Liddle & Dubin, P.C. is appointed class counsel.

5.      Plaintiff Certified Class counsel shall cause to be submitted via First Class Mail, the Notice of Proposed Settlement of Class Action ("the Notice"), substantially in the form attached to the Settlement Agreement as **Exhibit 1**, to all persons in the defined class as set forth in the Settlement Agreement.

6.      Prior to the settlement hearing, Plaintiff Certified Class Counsel shall serve and file with this Honorable Court a sworn statement evidencing compliance with the provisions of this Order concerning the submission of the Notice.

7.      The Notice to Plaintiff Certified Class members in compliance with the provisions set forth above is hereby found to be the best Notice practicable under the circumstances, and constitutes due and sufficient Notice of the proposed Settlement Agreement to the Plaintiff Certified Class, and the settlement hearing to all persons entitled to receive such Notice, as Plaintiff Certified Class members, and is in full compliance with due process and the Notice requirements of Fed. R. Civ. P. Rule 23, including, but not limited to, the form, content and method of dissemination of Notice to Class Members.

8.      Plaintiff Certified Class Counsel shall be responsible for maintaining a file of all responses to the Notice of Class Action Settlement and any and all other written communications received from Plaintiff Certified Class members. All such responses and communications shall be immediately provided by Class Counsel to Defendant's Counsel.

9.      A Final Fairness Settlement hearing shall be held before the Honorable Avern Cohn, on **Wednesday, March 23, 2011, at 2:00 p.m.** in Room 225 of the United States District Court, Eastern District of Michigan, Southern Division, Theodore Levin U.S. Courthouse, 231 W. Lafayette, Detroit, Michigan 48226, to consider any objections to the Settlement Agreement.

10.     Any Plaintiff Certified Class member may opt out of this litigation by filing, in writing, an individually executed notice of intention to opt out.  Such opt out must be filed with Plaintiffs' counsel on or before **March 9, 2011**.

11.     Any Plaintiff Certified Class member may appear at the Final Fairness hearing in person or by counsel, if an appearance is filed and served as hereinafter provided, and be heard to the extent allowed by this Honorable Court, in support of, or in opposition to, the good faith, fairness, reasonableness, and adequacy of the proposed settlement, provided, however, that no person shall be heard in opposition to the proposed Settlement Agreement and the Final Order to be entered thereon, if approved, or to the requested designation of Plaintiff Certified Class Counsel's attorney fee and reimbursement of expenses, and no pleadings submitted by any such person shall be accepted or considered by this Honorable Court unless, on or before **March 9, 2011**, such person: (a) has filed with the Clerk of the Court an individually executed notice of such person's intention to appear, together with a statement which indicated the basis for such opposition along with any supporting documentation, and (b) has served copies of such notice, statement, and documentation, together with copies of any other pleadings which such person has filed with the Court upon Plaintiff Certified Class counsel, Steven D. Liddle, Macuga, Liddle & Dubin, P.C., 975 East Jefferson Avenue, Detroit, Michigan 48207-3101, and Defendant's Counsel, Bruce Truex, Secrest Wardle, 30903 Northwestern Highway, P.O. Box 3040, Farmington Hills, Michigan.

12.     This Honorable Court expressly reserves the right to adjourn the Final Fairness

settlement hearing from time to time without further notice and to approve the Settlement

Agreement at or after the settlement hearing.

SO ORDERED:

Dated:  January 20, 2011                          s/Avern Cohn
                                                  AVERN COHN
                                                  UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on
this date, January 20, 2011, by electronic and/or ordinary mail.

                                                  s/Julie Owens
                                                  Case Manager, (313) 234-5160

**EXHIBIT 1**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**HELEN BUCZYNSKI, TONY BUCZYNSKI,**
**and TERRY PETER,**
**and all others similarly situated,**

        Plaintiffs,                             Case No. 08-13559-CV

V                                          Hon. Avern Cohn

**COMPREHENSIVE ENVIRONMENTAL**
**SOLUTIONS, INC.,**
**a foreign corporation,**
**doing business in the State of Michigan.**

        Defendant.
_____

## NOTICE TO CLASS MEMBERS OF PENDENCY OF CLASS ACTION AND SETTLEMENT

TO:    All persons, legal or natural, and any entity or organization, whether incorporated or unincorporated, wherever situated, who claim to have suffered, who have suffered, or who may in the future claim to suffer, injury or damage to person, personal property or real property, including but not limited to, loss of use and enjoyment of property, property valued diminution, emotional distress, mental anxiety, and any impairment of mental or emotional well being, arising, either directly or indirectly, from the threatened or actual physical invasion to their person or property or natural resources by any vibration, noise, airborne substance or material (including, without limitation, any pollution, contaminant, irritant, odor, gas, vapor or particulate) that has or may have originated from the Facility located at 6011 Wyoming, Dearborn, Michigan between July 17, 2005 and June 11, 2010 and who meet one of the following:

        A.      Filed a written Complaint ("Complaint Class) with: (1) The Michigan Department of Environmental Quality Air Division, and/or (2) City of Dearborn Police Department, and/or (3) City of Detroit Police Department and/or (4) City of Dearborn Fire Department, and/or (5) City of Detroit Fire Department and/or (6) submitted a written damage Complaint to Class Counsel regarding

admissions emanating from Facility between July 17, 2005 and June 11, 2010; or

B.      Who owned or resided in a single family residential home located within the residential property class boundary ("Residential Property Class) between July 17, 2005 and June 11, 2010.  For purposes of this sub-class, "Residential Class Boundary" shall mean the area located in the cities of Detroit and Dearborn, which is bounded to North by Warren Avenue between Schaefer and Livernois, to the East by Livernois between Warren and Michigan Avenue, to the South by Michigan Avenue between Livernois and Greenfield and to the West by Greenfield between Michigan Avenue and Ford Road, then East to Schaefer. See Fig. 1 below.

Fig. 1.



**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS WILL BE AFFECTED BY LEGAL PROCEEDINGS IN THIS LAWSUIT.  IF YOU ARE A MEMBER OF THE PLAINTIFF CLASS AND YOU DO <u>NOT</u> REQUEST TO BE EXCLUDED FROM THE PLAINTIFF CLASS, YOU MAY BE ENTITLED TO RECEIVE BENEFITS PURSUANT TO THE PROPOSED SETTLEMENT DESCRIBED HEREIN.  THE FOLLOWING INFORMATION SUMMARIZES SOME OF YOUR RIGHTS.**

**THIS NOTICE WAS AUTHORIZED BY THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF MICHIGAN, AND SOUTHERN DIVISION FOR THE STATE OF MICHIGAN.  THIS IS <u>NOT</u> A SOLICITATION FROM A LAWYER.**

**I.      <u>The Purpose of this Notice</u>**

1.1 The purpose of this Notice is to inform you of the terms of a proposed settlement agreement (the "Settlement Agreement") of the above-entitled litigation (the "Lawsuit"). The Settlement Agreement has

been filed with the United States District Court for the Eastern District of Michigan, Southern Division (the "Court").  The name of the Plaintiff representative parties are Tony Buczynski and Terry Peter (the "Plaintiffs") and the Lawsuit asserts claims against Comprehensive Environmental Solutions, Inc., (the "Defendant").

1.2 This Notice is given by Order of the Honorable Avern Cohn, Judge for the United States District Court, Eastern District, and Southern Division.

1.3  This Notice only summarizes essential terms of the proposed settlement which are fully detailed in a Settlement Agreement which is on file at the office of the Clerk of the Court, United States District Court, Eastern District, Southern Division, located at the Theodore Levin U.S. Courthouse 231 W. Lafayette Blvd., Room 564 Detroit, MI 48226.

1.4  You received this Notice because you may be entitled to be a member of a proposed class of persons that would be affected by a proposed settlement of a class action lawsuit.  The Court has given its preliminary approval to the settlement and preliminarily certified a Class for settlement purposes only, as described below, and has ordered that this Notice be sent to you and all other potential Class Members so that you may consider your options.

1.5 This Notice is not an expression of opinion by the Court about the merits of the Plaintiffs' claims or the defenses asserted by Defendant or the fairness or adequacy of the proposed settlement.

1.6 This Notice describes the lawsuit and the settlement and advises of the date, time, and place of a hearing in which the Court will decide whether to give final approval to the settlement.

1.7 Your Options:

a.      You may remove yourself from the Class by "opting out" in the manner described in Section IV of this notice.  Your "opt out" notice must be received **on or before March 9, 2011.**

b.      If you do nothing at this time you will be in the Class. If the Court gives its final approval to the settlement, and you are a Class Member, you may be entitled to receive the settlement benefit offered as compensation to the Class.  You will only receive settlement benefits if you submit the enclosed Claim Form, and all required supporting documentation, in the manner described in this notice, and there has been a determination by the claims administrator that you are entitled to benefits under the settlement plan.  To be eligible to receive settlement benefits, your Claim Form must be received on or before **March 9, 2011.**

c.      You may stay in the Class, but file an objection to the proposed settlement in the manner described in Section V of this notice.  Your objection shall not be considered, unless your objection is received **on or before March 9, 2011.**

## II.      Description of the Lawsuit

2.1 On or about August 14, 2008, Plaintiffs filed a class action lawsuit against Defendant in the United States District, for the Eastern District of Michigan, Southern Division.  That civil action is entitled *Helen Buczynski, et al. vs. Comprehensive Environmental Solutions, Inc.*, with Case No. 08-13559-CV (hereinafter "Lawsuit"). The Lawsuit alleges that Defendant is liable under nuisance, negligence, gross negligence and other theories for the damages to person, personal property and

real property including loss of use and enjoyment of real and personal property, which  the named Plaintiffs and all others similarly situated allegedly suffered and/or will suffer as a result of the alleged physical invasion of their respective persons and properties by noxious odors and air contaminants from the Defendant's operation of its business located at 6011 Wyoming, Dearborn, Michigan (the "Facility".)

2.2 Defendant has denied any and all wrongdoing or liability to the named Plaintiffs or to the Plaintiff Class.

2.3 Defendant agrees to the certification of the case as a class action solely for settlement purposes and that the named Plaintiffs are proper representatives of the Plaintiff Class for settlement purposes only.

### III.      Summary of the Proposed Settlement

3.1 The named Plaintiffs and Defendant have agreed to settle the Lawsuit and the Court has provided preliminary approval of the Settlement Agreement, pending the Settlement Hearing as described in Section V of this Notice.  A copy of the Settlement Agreement is on file with the Court located at 231 W. Lafayette Blvd., Room 564 Detroit, MI 48226.

3.2 If the Settlement Agreement is approved by the Court at or after the Settlement Hearing described in Section V of this Notice, Defendant shall contribute $550,000.00 as a full and final payment to settle this Action.

3.3 To participate in the distribution of the Settlement proceeds, a class member must submit a completed Claim Form and all required supporting documentation to Class Counsel by **March 9, 2011**. After the amount of all approved claims has been established, Class Counsel shall pay all such claims based upon a pro-rata distribution.

3.4 Class Counsel's attorney fees and actual costs, including but not limited to costs of notice, are to be paid by the Plaintiff Class from the Settlement Fund.

3.5 Class Counsel shall seek costs and the reimbursement of attorney's fees not to exceed 1/3 of the net recovery.

3.6 Class Representatives, Tony Buczynski, shall receive an award in the amount of five thousand ($5,000.00) dollars for his diligence and participation in the advancement of the interests of the Class in this litigation.  Class Representative, Terry Peter, shall receive for his diligence and participation in the advancement of the interests of the Class in this litigation the sum of thirty five hundred ($3,500.00) dollars.

### IV.      How to Request Exclusion from the Class or Intervention in the Lawsuit

4.1 If you are a member of the Plaintiff Class, and if the Settlement Agreement is approved by the Court, you will be bound by the terms of the Final Judgment and Order of Dismissal to be filed with the Court, unless you file a request to be excluded from the Plaintiff Class.

Each such request for exclusion must be in writing and signed by the Class Member; must contain the caption, "*Helen Buczynski, et al. v. Comprehensive Environmental Solutions, Inc.,* with Case No. 08-13559-CV," must contain the Class Member's full name, address and telephone number, and must specifically request exclusion from the Settlement Class.  Requests to be excluded from the Plaintiff Class must be personally served or postmarked on or before **March 9, 2011** and must be sent to:

9

**PLAINTIFFS' CLASS COUNSEL**
Steven D. Liddle
Macuga *&* Liddle, P.C.
975 E. Jefferson Ave.
Detroit, Michigan 48207

4.2 If you timely file a request for exclusion, you will **NOT** share in any settlement benefits and you will be bound by the terms of the settlement governing opt-outs.

## V.      The Settlement Hearing

5.1 NOTICE IS HEREBY GIVEN, pursuant to FRCP 23, that a hearing will be held before the Honorable Avern Cohn, Court Room No. 225, at 231 W. Lafayette Blvd., Detroit, MI 48226 on **March 23, 2011** at **2:00 p.m**. (the "Settlement Hearing"), for the purpose of determining whether the Settlement Agreement was entered in good faith and is fair, reasonable and adequate and should be approved by the Court; and for purpose of considering the application of Class Counsel for an award of attorneys fees and reimbursement of expenses.

5.2  At the Settlement Hearing, any Plaintiff Class member who has not filed a request for exclusion, as described above, may appear in person or by duly authorized counsel and be heard in support of, or in opposition to, the good faith, fairness, reasonableness and adequacy of the proposed settlement and/or any requested allowance of Class Counsel attorneys fees and reimbursement of expenses. However, no Plaintiff Class member or counsel shall be heard at the Settlement Hearing, and no pleading or evidence submitted by any such person shall be received or considered by the Court, unless such person or counsel, on or before **March 9, 2011**, files a Notice of Objection with the Court at the address above and serve a copy on Plaintiffs' Class Counsel (Steve Liddle, Macuga, Liddle & Dubin, 975 E. Jefferson Ave., Detroit, Michigan 48207, MI 48302 and Defendant's counsel (Bruce A. Truex, Secrest Wardle, 30903 Northwestern Hwy., P.O. Box 3040, Farmington Hills, MI 48333). Objections must be in writing and signed by the Class Member; must contain the caption; must contain the Class Member's full name, address, and telephone number and must identify with reasonable particularity the basis for the objection and attach all documentation he or she intends to present to the Court in support of his or her position.  The Objection must be in the form of a declaration or be in the form of an affidavit duly signed under penalty of perjury before a notary public.  If an Objection is submitted by someone purporting to represent a class member, the objection must have attached sufficient documentation to support the person's legal authority to represent the Class Member or the objection is invalid.  Objections that do not meet the requirements are ineffective.  Class Counsel reserves the right to challenge the validity of any Objection.

## VI.      Release

6.1 If the Settlement is approved by the Court by the entry of a Final Judgment and Order of Dismissal, the named Plaintiffs, and each and every Plaintiff Class member who has not filed a timely request to be excluded from the Plaintiff Class, shall be deemed to have released and forever discharged Defendant from any and Claims, as defined in the Settlement Agreement.

6.2 Under the Settlement Agreement, Plaintiff Class are releasing Defendant Comprehensive Environmental Solutions, Inc., its subsidiaries, officers, directors, employees, agents, predecessors, successors affiliates, properties, assigns, representatives, employees, attorneys and insurers from any and all claims and damages whether known or unknown, asserted or not asserted, existing now or that may exist in the future which are in any way related to the allegations in the lawsuit.

6.3 This Notice is a summary only and it is not all inclusive. The Settlement Agreement and Lawsuit  are on file at the office of the Clerk of the Court, located at 231 W. Lafayette Blvd., Room 564 Detroit, MI 48226.

6.4 **PLEASE DO <u>NOT</u> CALL THE CLERK OF THE COURT FOR THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT, SOUTHERN DIVISION, OF MICHIGAN FOR INFORMATION.**  In addition, you should **<u>NOT</u>** call Defendant's counsel for further information.