**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**TONY BUCZYNSKI, and TERRY PETER,**
**and all others similarly situated,**

       Plaintiffs,                         Case No. 08-cv-13559

v.                                    Hon. Avern Cohn

**COMPREHENSIVE ENVIRONMENTAL**
**SOLUTIONS, INC.,**
**a foreign corporation,**
**doing business in the State of Michigan,**

       Defendant.

_____/

## <u>MEMORANDUM AND ORDER OF FINAL JUDGMENT APPROVING SETTLEMENT AND DISMISSING CASE WITH PREJUDICE</u>

This Court, being aware of the facts and circumstances of this Class Action, and being aware that comprehensive settlement negotiations have proceeded between the parties, and being further aware of the particulars of the Settlement Agreement between the Certified Class, and the Defendant, Comprehensive Environmental Solutions, does hereby grant the Motion for Final Approval of the Class Action Settlement Agreement, and dismissal of the action with prejudice, and finds and orders as follows:

1.      On or about July 17, 2008, Plaintiffs filed a class action lawsuit against Defendant, Comprehensive Environmental Solutions, Inc., in the United States District Court for the Eastern District of Michigan, Southern Division.  That civil action is entitled,

*Helen Buczynski, et al. vs. Comprehensive Environmental Solutions, Inc.*, with Case No. 08-13559-CV (hereinafter "Lawsuit".)

2.      Plaintiff Class representatives brought this Lawsuit on behalf of themselves and area residents and property owners living near Defendant's Facility, located at 6011 Wyoming, Dearborn, Michigan, who claim they were affected by the operation of Defendant's business at that location between July 17, 2005 and June 11, 2010.

3.      The Lawsuit alleges that Defendant is liable for claims of nuisance, negligence, gross negligence and seeks damages to person, personal property and real property, including loss of use and enjoyment of real and personal property, which the named Plaintiffs and all other similarly situated individuals allegedly suffered and/or will suffer as a result of alleged physical invasion of their respective persons and property noxious odors and air contaminants emanating from Defendant's Facility.  Defendant denied, and continues to deny liability and damages to the claims and allegations set forth in Plaintiffs' Complaint, and has asserted numerous defenses thereto in this litigation.

4.      Appointed Class Counsel is the law firm of Macuga, Liddle & Dubin, P.C. ("Class Counsel"), and counsel for Defendant is Secrest Wardle ("Defense Counsel").

5.      The class is defined as:

> All persons, legal or natural, and any entity or organization, whether incorporated or unincorporated, wherever situated, who claim to have suffered, who have suffered, or who may in the future claim to suffer, injury or damage to person, personal property or real property, including but not limited to, loss of use and enjoyment of property, property valued diminution, emotional distress, mental anxiety, and any impairment of mental or emotional

well being, arising, either directly or indirectly, from the threatened or actual physical invasion to their person or property or natural resources by any vibration, noise, airborne substance or material (including, without limitation, any pollution, contaminant, irritant, odor, gas, vapor or particulate) that has or may have originated from the Facility located at 6011 Wyoming, Dearborn, Michigan Michigan between July 17, 2005 and June 11, 2010 and who meet one of the following:

    A.    Filed a written Complaint ("Complaint Class") with: (1) The Michigan Department of Environmental Quality Air Division, and/or (2) City of Dearborn Police Department, and/or (3) City of Detroit Police Department and/or (4) City of Dearborn Fire Department, and/or (5) City of Detroit Fire Department and/or (6) submitted a written damage Complaint to Class Counsel regarding admissions emanating from Facility between July 17, 2005 and June 11, 2010; or

    B.    Who owned or resided in a single family residential home located within the residential property class boundary ("Residential Property Class") between July 17, 2005 and June 11, 2010. For purposes of this sub-class, "Residential Class Boundary" shall mean the area located in the cities of Detroit and Dearborn, which is bounded to north by Warren Avenue between Schaefer and Livernois, to the east by Livernois between Warren Avenue and Michigan Avenue, to the south by Michigan Avenue between Livernois and Greenfield and to the west by Greenfield.

6.    Subject to the approval by the Court pursuant to FRCP 23, Plaintiffs and Defendant have reached an agreement to settle and resolve the class action upon the terms and conditions set forth in the Settlement Agreement.

7.     The Settlement Agreement requires Defendant to contribute to the creation of a Settlement Fund in the amount of $550,000.00 as full and final satisfaction of Plaintiff Class' claims.  The terms and conditions of the Settlement Agreement have been previously reviewed and proved by the Court at the time of the Motion for Preliminary Approval of Settlement.

8.     Without the proposed settlement, Class Members would face significant risk involved in contested litigations.

9.     Upon due consideration of the Motion for Preliminary Approval of Settlement, the Court determined that there was sufficient basis to preliminarily and conclude that the Settlement Agreement was fair, adequate and reasonable.  The Court entered its Order Granting Preliminary Approval of the Settlement Agreement (hereinafter referred to as "Preliminary Approval Order".) *See* Doc. 23.

10.     The Preliminary Approval Order found that a hearing ("the Final Fairness Hearing") should and would be held to determine whether the Settlement Agreement should be finally approved by the Court as fair, adequate and reasonable, to determine whether the proposed distribution of the settlement proceeds as set forth in the Settlement Agreement should be approved, and to determine other matters arising under the proposed settlement and FRCP 23.  The Preliminary Approval Order further directed that a Notice of Proposed Class Action Settlement and Hearing (hereinafter referred to as "Notice"), be distributed for publication to the Class via first class mail.

11.     Class Counsel has filed with the Court a Certification and Notice, confirming that the Notice was distributed, pursuant to and in compliance with the

Preliminary Approval Order.   The Final Fairness Hearing was convened as scheduled on March 23, 2011.

12.   The Court has reviewed the steps and procedures taken pursuant to and in compliance with the Preliminary Approval Order, has conducted the Final Fairness Hearing, and has given due consideration to all submissions filed or presented on motions for final approval, including submissions received during the course of the Fairness Hearing.

13.   The Court finds the Notice of the Settlement Agreement was given to the Class Members pursuant to, and in compliance with, the Preliminary Approval Order.   The Court further finds the Notice thereby given to Class Members as reasonable and best notice practicable and satisfied all requirements pursuant to FRCP 23 and due process.

14.   The Court finds the Settlement Agreement, upon terms and conditions set forth therein, is fair, adequate and reasonable.   The Court accordingly grants final approval of the proposed settlement which is incorporated herein upon such terms and conditions, without modification, and orders that the Settlement Agreement be consummated according to its terms and conditions and as prescribed therein.

15.   The Court approves and orders the payment of reasonable attorney fees to the Class Counsel in the amount of $178,776.00 as provided in the Settlement Agreement.   The Class Action has been actively litigated since 2008. The Settlement Agreement was a result of vigorous and hard fought negotiations, including facilitation with retired Judge Richard Kaufman.   Class Counsel has at all

times pursued the best interests of the Class and the Settlement Agreement secures the benefits of Class Members.  The proposed distribution to the Class is fair and reasonable in light of all of the factors, including the time and labor required, the novelty, difficulty and complexity of the issues, the skill required to perform the legal services properly, the fees customarily awarded for similar services, the fact that the fee was contingent, the amount in controversy, and the result obtained on behalf of the Class.

16.    The Court approves and orders the payment of Class Counsel from Settlement Fund for reimbursement of litigation expenses of Class Counsel and prosecuting this action from 2008, as provided in the Settlement Agreement the amount of $13,669.51.

17.    The Court approves a Class Representative Award to Class Member Tony Buczynski in the amount of $5,000.00 and to Class Member Terry Peter in the amount of $3,500.00 for their diligence and participation in the advancement of the interests of the Class in this litigation, as provided in the Settlement Agreement.

18.    As stated at the Fairness Hearing, in the event that any settlement amount from a claimant is returned and after reasonable efforts by Class Counsel to locate the claimant have been exhausted, the disposition of such monies shall be the subject of further order of the Court.

19.    Class Plaintiffs hereby release Defendant and its officers, employees, directors, attorneys, affiliates, predecessors, successors, insurers and assigns, from any and all claims and damages set forth in the Settlement Agreement, including interest, costs, expenses, penalties and attorney fees.

20.     This Action is hereby dismissed with prejudice and without costs or attorney fees, except such costs and attorney fees as are payable to Class Counsel pursuant to the Settlement Agreement.

21.     Plaintiffs, Defendant, Class Counsel and Defense Counsel are released from any liability in connection with the administration of the Settlement Agreement, the distribution of settlement proceeds and procedures therefore, except for any proven willful misconduct.

22.     The Order constitutes a final and completed adjudication of the matters presented herein.   Without affecting the finality of this Order, the Court retains jurisdiction to determine such matters as may arise under the Settlement Agreement or this Order or during the administration of the Settlement Agreement.

SO ORDERED:

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: March 25, 2011
          Detroit, Michigan

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date March 25, 2011, by electronic and/or ordinary mail.

S/Johnetta Curry-Williams
In the absence of
Case Manager Julie Owens

7